IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert M. Fulmer,<br><br>     Plaintiff,<br><br>v.<br><br>Sergeant Brown, Doe 1, Doe 2, Doe 3, and<br>South Carolina Department of Corrections,<br><br>     Defendants. | Case No.: 9:20-cv-2971-SAL<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the November 18, 2020 Report and Recommendation of United States Magistrate Judge Molly H. Cherry (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 24]. In the Report, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. *Id.* Plaintiff filed timely objections to the Report, ECF No. 26. Defendants did not reply to Plaintiff's objections, and the time to do so has passed. *Id.* For the reasons outlined herein, the Court adopts the Report in part and declines to adopt the Report in part.

## BACKGROUND

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background without a recitation except to add a portion of procedural history. On October 15, 2020, the Magistrate Judge issued an order informing Plaintiff that the summons for Defendant Sergeant Brown was returned unexecuted. [ECF No. 14]. The Magistrate Judge stated that Plaintiff should "provide any additional identification or location information he may have for this Defendant without delay." *Id.* The court advised Plaintiff that this Defendant may be dismissed if he is not served with process. *Id.* On October 23, 2020, Plaintiff responded to the

order providing some additional information about Defendant Brown. [ECF No. 18]. No further orders and instructions were issued regarding service of Defendant Brown.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

2

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

### I.     Plaintiff's objection

Plaintiff objects to the Magistrate Judge's dismissal of his individual capacity claim against Defendant Brown. [ECF No. 26]. Plaintiff states that he complied with the court's order to provide additional information about Defendant Brown. *Id.* Accordingly, Plaintiff contends the individual capacity claim against Defendant Brown should not have been dismissed for failure to effect timely service. *Id.* Plaintiff does not make any other objections to the Report. *See id.* Plaintiff does not object to the dismissal of his claims against the Doe Defendants. *Id.* Further, Plaintiff does not object to the Magistrate Judge's finding that his official capacity claims and claims against the South Carolina Department of Corrections should be dismissed because they are barred by the Eleventh Amendment. *Id.*

### II.     The Court adopts the Report as to Plaintiff's claims against the Doe Defendants, SCDC, and the official capacity claims.

The Court reviews portions of the Report not objected to for clear error. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47. After a thorough review of the Report, the Court finds no clear error in the portions of the Report concerning Plaintiff's claims against the Doe Defendants, SCDC, and Defendants in their official capacities. Accordingly, as to the claims against the Doe Defendants, SCDC, and Defendants in their official capacities, Defendants'

motion for summary judgment, ECF No. 19, is GRANTED.  All claims except for the claims against Defendant Brown in his individual capacity are DISMISSED.

**III.    The Court recommits the individual capacity claim against Defendant Brown to the Magistrate Judge with instructions.**

The Court declines to adopt the Report as to the individual capacity claim against Defendant Brown.  Instead, the matter is recommitted to the Magistrate Judge to issue any additional orders and instructions as are necessary to provide Plaintiff an opportunity to effect service on Defendant Brown.

## CONCLUSION

The Court adopts the Report in part and declines to adopt the Report in part.  As to the claims against the Doe Defendants, SCDC, and Defendants in their official capacities, Defendants' motion for summary judgment, ECF No. 19, is GRANTED.  As for the individual capacity claim against Defendant Brown, the matter is recommitted to the Magistrate Judge.

IT IS SO ORDERED.

/s/Sherri A. Lydon

May 24, 2021                                Sherri A. Lydon
Florence, South Carolina                    United States District Judge